UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS, | No. 2:24-cv-0673 AC P |
| Plaintiff, | |
| v. | ORDER |
| SHERIFF DEPARTMENT, SACRAMENTO, | |
| Defendant. | |

Plaintiff, a former prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The federal in forma pauperis statute also authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

[1] Plaintiff was incarcerated at the time he filed his lawsuit but was recently released on parole according to a notice of change of address filed in another case. See Williams v. Jones, No. 2:23-cv-1865 DC JDP (E.D. Cal.), ECF No. 19.

1

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.   Factual Allegations of the Complaint

Plaintiff alleges that his First Amendment right to freedom of expression was violated by the Sacramento County Sheriff's Office and Doe defendants when he was not allowed to speak at his sister's memorial service via Zoom or telephone.  ECF No. 1 at 3.

III.   Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the First Amendment against defendant Sacramento County Sheriff's Department.  Plaintiff has not alleged any specific conduct by any of the Doe defendants and therefore does not state any claims for relief against them.  He also has not alleged any facts showing that the denial of his request was due to a policy

1  or custom of the Sacramento County Sheriff's Department, which is necessary to state a claim
2  against this defendant.
3        With respect to the substance of plaintiff's claims, "the First Amendment means that
4  government has no power to restrict expression because of its message, its ideas, its subject
5  matter, or its content." United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original)
6  (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)).  However, there is no indication that
7  plaintiff's request to speak at his sister's memorial service was denied "because of its message, its
8  ideas, its subject matter, or its content."  To the extent plaintiff is attempting allege that he was
9  denied the ability to remotely attend his sister's memorial service, while the court is sympathetic
10 to plaintiff's loss and desire to share his memories with others, "there is no constitutionally
11 protected liberty interest in attending funerals." Kinder v. Merced County, No. 1:10-cv-1789 LJO
12 GSA, 2010 WL 4483818, at *3, 2010 U.S. Dist. LEXIS 115947, at *6 (E.D. Cal. Nov. 1, 2010)
13 (collecting cases).  Because of these defects, the court will not order the complaint to be served on
14 defendants.
15       Plaintiff may try to fix these problems by filing an amended complaint.  In deciding
16 whether to file an amended complaint, plaintiff is provided with the relevant legal standards
17 governing his potential claims for relief which are attached to this order.  See Attachment A.
18       IV.    Legal Standards Governing Amended Complaints
19       If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
20 about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,
21 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named
22 defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
23 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
24 connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
25 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
26 participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,
27 268 (9th Cir. 1982) (citations omitted).
28 ////

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the complaint form used in this district.

DATED: November 8, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010). Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

II. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

III. Sacramento County Sheriff's Department Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their

employees. Monell v. Dep't of Soc. Servs., 436 U.S. 585, 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Id. at 690; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

### IV. Freedom of Expression

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original) (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).